**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

YANDY ERNESTO MACHIN-ROSAL,

Petitioner,

v.

TODD BLANCHE, U.S. Attorney General, et al.,

Respondents.

Case No.:  3:26-cv-02796-RBM-AHG

**ORDER:**

**(1) GRANTING MOTION TO APPOINT COUNSEL [Doc. 2]; and**

**(2) SETTING BRIEFING SCHEDULE**

On May 1, 2026, Petitioner Yandy Ernesto Machin-Rosal ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Doc. 1), a Request for Appointment of Counsel ("Motion to Appoint Counsel") (Doc. 2), and a Motion for Injunctive Relief and Temporary Restraining Order ("TRO Motion") (Doc. 3).

## I.    <u>MOTION TO APPOINT COUNSEL</u>

"Whenever the United States magistrate judge or the [C]ourt determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2).  A "financially eligible person" is one who is "financially unable

1

to obtain adequate representation in accordance with this section." *Id.* § 3006A(a). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted).

Here, Petitioner attests that he cannot afford an attorney, is not fluent in English, and is unable to litigate his habeas petition without the assistance of counsel. (Doc. 2 at 1–6.) "The Court also finds that representation is necessary given the complexity and potential validity of the constitutional, statutory, and procedural issues presented." *Astafev v. Warden*, Case No. 3:26-cv-00313-RBM-AHG, ECF No. 4 (S.D. Cal. Jan. 30, 2026) (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Accordingly, the Court **CONDITIONALLY APPOINTS** Federal Defenders of San Diego, Inc. as counsel.

## II.   <u>ORDER TO SHOW CAUSE</u>

Petitioner argues that his detention violates the Fifth Amendment's Due Process Clause and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1 at 1–3.) The Court finds that summary dismissal of the Petition is unwarranted. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.") (citation omitted); *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) (noting that *pro se* complaints are liberally construed and do not need to identify the constitutional source of the claims raised).

Petitioner **SHALL FILE** an amended petition, through appointed counsel, on or before **May 13, 2026**. Respondents **SHALL RESPOND** to the amended petition on or before **May 20, 2026**. Their Response shall include as exhibits all documents or evidence relevant to the determination of the issues raised, including any relevant documents reflecting Petitioner's immigration history. Petitioner may file a reply on or before **May 27, 2026**. The matter will be deemed under submission at that time and the Parties shall await further order from the Court.

3:26-cv-02796-RBM-AHG

The Clerk of the Court is **directed to transmit** a copy of the Petition (Doc. 1), the TRO Motion (Doc. 3), and this Order to the United States Attorney's Office and to Federal Defenders of San Diego, Inc.  Counsel for Petitioner **SHALL FILE** a notice of appearance on or before **May 6, 2026**.

**IT IS SO ORDERED.**

DATE:  May 4, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3

3:26-cv-02796-RBM-AHG